■ In the Matter of DAVID BURR, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [731 NYS2d 786] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule which prohibits fighting. He challenges the determination on the ground that it was not based on substantial evidence. We disagree. The evidence presented at petitioner's disciplinary hearing included the misbehavior report and the testimony of the correction officer who wrote it. He stated that he had observed petitioner engaging in a fist fight with another inmate, adding that it had not been difficult to identify petitioner after the fight as one of the participants because he was bleeding heavily from his nose and the left side of his face. Petitioner called as a witness the other inmate involved in the fight. The inmate testified that he had started the fight and that petitioner had simply tried to protect himself. He then apologized to petitioner.

We find that the misbehavior report and the testimony of the correction officer who wrote it constitute substantial evidence supporting the determination (*see, Matter of Lunney v Selsky*, 275 AD2d 820). That the testimony given by petitioner and his inmate witness was at variance therewith presented an issue of credibility for resolution in the discretion of the Hearing Officer (*see, Matter of Acevedo v Superintendent of Elmira Correctional Facility*, 265 AD2d 763). The contention that petitioner did not initiate the fight apparently was taken into account by the Hearing Officer as reflected by the comparatively light penalty imposed (*see, Matter of Rivera v Goord*, 274 AD2d 813, 813-814).

Crew III, J. P., Spain, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.